Thomas R. Curtin
George C. Jones
Kathleen N. Fennelly
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Tel:  (973) 292-1700
Fax:  (973) 292-1767
*Attorneys for Plaintiff Mallinckrodt Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MALLINCKRODT INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> WATSON LABORATORIES, ) <br> INC.-FLORIDA, WATSON ) <br> PHARMA, INC., and WATSON ) <br> PHARMACEUTICALS, INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:10-cv-6424-FSH-PS |

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Mallinckrodt Inc. ("Mallinckrodt") for its Amended Complaint against Watson Laboratories, Inc.-Florida ("Watson Laboratories"), Watson Pharma, Inc. ("Watson Pharma") and Watson Pharmaceuticals, Inc. ("Watson Pharmaceuticals") (collectively, "Watson") alleges as follows:

NATURE OF THE ACTION

1. This is an action for infringement of United States Patent No. 5,914,131 (the "'131 patent"). This action arises out of Watson's filing of an Abbreviated New Drug

1

Application ("ANDA") seeking approval to sell generic copies of Plaintiff's highly successful EXALGO® 8 mg, 12 mg, and 16 mg products prior to the expiration of the '131 patent.

## THE PARTIES

2. Plaintiff Mallinckrodt Inc. is a Delaware corporation having its principal place of business at 675 McDonnell Boulevard, Hazelwood, Missouri 63042.

3. On information and belief, Watson Pharmaceuticals is a Nevada corporation having places of business at 311 Bonnie Circle, Corona, California 92880 and 360 Mount Kemble Avenue, Morristown, New Jersey 07962.

4. On information and belief, Watson Pharmaceuticals is in the business of, among other things, developing, manufacturing and selling generic copies of branded pharmaceutical products for the U.S. market through various directly or indirectly owned operating subsidiaries, including Watson Laboratories and Watson Pharma.

5. On information and belief, Watson Laboratories is a Florida corporation having places of business at 4955 Orange Drive, Davie, Florida 33314 and 360 Mount Kemble Avenue, Morristown, New Jersey 07962.

6. On information and belief, Watson Laboratories was formerly known as Andrx Pharmaceuticals, Inc.  Watson Laboratories is a wholly owned subsidiary of Andrx Corp., a Delaware corporation that is a wholly owned subsidiary of Watson Pharmaceuticals.

7. On information and belief, Watson Laboratories is in the business of, among other things, developing and manufacturing generic copies of branded pharmaceutical products for the U.S. market.

8. On information and belief, Watson Pharma is a Delaware corporation having its principal place of business at 360 Mount Kemble Avenue, Morristown, New Jersey 07962.

1151757_1

9. On information and belief, Watson Pharma is a wholly owned subsidiary of Watson Pharmaceuticals.

10. On information and belief, Watson Pharma is in the business of, among other things, distributing and selling generic copies of branded pharmaceutical products for the U.S. market.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. On information and belief, this Court has personal jurisdiction over Watson Pharmaceuticals, Watson Laboratories and Watson Pharma because, *inter alia,* they have committed, aided, abetted, actively induced, contributed to or participated in the commission of a tortious act of patent infringement leading to foreseeable harm and injury to Mallinckrodt, namely, the submission to the U.S. Food and Drug Administration ("FDA") of the ANDA at issue in this case.

13. On information and belief, this Court has personal jurisdiction over Watson Pharmaceuticals, Watson Laboratories and Watson Pharma because, *inter alia,* they have purposely availed themselves of the benefits and protections of New Jersey's laws such that they should reasonably anticipate being haled into court here. On information and belief, Watson Pharmaceuticals, Watson Laboratories and Watson Pharma have had persistent, continuous and systematic contacts with this judicial district, including, *inter alia,* maintaining executive offices in New Jersey and, either directly or through an agent, deriving substantial revenue from the development, manufacture and/or sale of pharmaceutical products that are sold in New Jersey.

14. On information and belief, Watson Pharmaceuticals, Watson Laboratories and/or Watson Pharma share certain common employees, officers and directors.

15. On information and belief, each of Watson Pharmaceuticals, Watson Laboratories and Watson Pharma operates in whole or in part from a shared location at 360 Mount Kemble Avenue, Morristown, New Jersey 07962.

16. On information and belief, Watson Pharmaceuticals organizes its operations by division, including at least the Generic, Brand and Distribution divisions, and reports its financial results in its Securities and Exchange Commission ("SEC") filings by reference to these divisions.

17. On information and belief, Watson's Generic division, which develops, manufactures, markets and sells generic copies of branded pharmaceutical products for the U.S. market, relies on the respective coordinated contributions of at least Watson Pharmaceuticals, Watson Laboratories and Watson Pharma.

18. On information and belief, Watson Pharmaceuticals, Watson Laboratories and Watson Pharma are agents of each other and/or operate in concert as integrated parts of Watson's Generic division.

19. On information and belief, Watson Pharmaceuticals has consolidated its activities and financial results, including revenue earned, with, *inter alia,* Watson Laboratories and Watson Pharma in its most recent SEC filings and Annual Report.

20. On information and belief, Watson Pharma, acting as the agent of Watson Pharmaceuticals and/or Watson Laboratories, distributes and sells in New Jersey and elsewhere in the United States various generic pharmaceutical products that are manufactured by Watson Laboratories or for which Watson Laboratories is the named applicant on approved ANDAs. On information and belief, Watson Pharma and Watson Laboratories are parties to one or more contractual agreements regarding the distribution of such generic pharmaceutical products. On information and belief, such agreements are at less than arm's length.

1151757_1

21. On information and belief, Watson Pharmaceuticals and/or Watson Laboratories earns revenue from the distribution in New Jersey by Watson Pharma of generic pharmaceutical products that are manufactured by Watson Laboratories or for which Watson Laboratories is the named applicant on approved ANDAs.

22. On information and belief, Watson Pharmaceuticals and Watson Pharma participated in, contributed to, aided, abetted and/or induced the submission to the U.S. Food and Drug Administration ("FDA") of ANDA No. 202144, the ANDA at issue in this litigation. For instance, by letter dated October 28, 2010, Watson Laboratories directed Mallinckrodt to send any correspondence or requests for confidential access concerning ANDA No. 202144 to Mr. G. Michael Bryner, who is registered with the U.S. Patent and Trademark Office as an attorney employed by Watson Pharmaceuticals.

23. On information and belief, Watson Pharmaceuticals and Watson Pharma are registered to do business in New Jersey and have appointed an agent for receipt of service of process in New Jersey.

24. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

BACKGROUND

25. Mallinckrodt owns all rights, title, and interest in and to the '131 patent (attached as Exhibit A), titled "Hydromorphone Therapy."

26. Mallinckrodt has approval from the FDA to market extended release hydromorphone HCL under the name EXALGO®.

27. EXALGO® (hydromorphone HCL) is included in the FDA's list of "Approved Drug Products With Therapeutic Equivalence Evaluations" also known as the

5

"Orange Book." Approved drugs may be used as the basis of a later applicant's ANDA to obtain approval of the ANDA applicant's drug product under provisions of 21 U.S.C. § 355(j).

28. The FDA's "Orange Book" also lists patents associated with approved drugs. The '131 patent is listed in the "Orange Book" in association with EXALGO® (hydromorphone HCL).

29. On information and belief, Watson Laboratories, itself and with the authorization, contribution, participation, assistance or inducement of Watson Pharmaceuticals and Watson Pharma, submitted ANDA No. 202144 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and sale of hydromorphone HCL extended-release tablets in 8 mg, 12 mg and 16 mg dosages ("Watson's ER Tablets, 8 mg, 12 mg and 16 mg") as generic versions of the EXALGO® 8 mg, 12 mg and 16 mg extended-release tablets.

30. Upon information and belief, each of Watson Pharmaceuticals, Watson Laboratories and Watson Pharma, acting in concert as part of Watson's Generic division, will market and/or distribute Watson's ER Tablets, 8 mg, 12 mg and 16 mg if and when ANDA No. 202144 is approved by the FDA.

31. By letter dated October 28, 2010, which was received by Mallinckrodt on October 29, 2010, Watson Laboratories advised Mallinckrodt that it had submitted ANDA No. 202144 seeking approval to manufacture, use, or sell Watson's ER Tablets, 8 mg, 12 mg and 16 mg prior to the expiration of the '131 patent.

32. The October 28, 2010 letter also advised Mallinckrodt that ANDA No. 202144 included a certification under 21 U.S.C. § 355(j)(2)(vii)(IV) that, in Watson's opinion, the claims of the '131 patent are invalid and/or will not be infringed by the commercial manufacture, use, or sale of Watson's ER Tablets, 8 mg, 12 mg and 16 mg.

1151757_1

33. The October 28, 2010 letter did not contest infringement of claims 44, 45 or 46 of the '131 patent by the commercial manufacture, use, or sale of Watson's ER Tablets, 8 mg, 12 mg and 16 mg.

## COUNT I

### Patent Infringement: U.S. Patent 5,914,131

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 hereof, as if fully set forth herein.

35. 35 U.S.C. § 271(e)(2) provides that the submission of an application under 21 U.S.C. § 355(j) for a drug claimed in a patent or for a drug use claimed in a patent is an act of infringement if the applicant seeks FDA marketing approval effective prior to the expiration of the patent.

36. Watson's submission of ANDA No. 202144 seeking approval to commercially manufacture, use and/or sell Watson's ER Tablets, 8 mg, 12 mg and 16 mg prior to the expiration of the '131 patent constitutes an act of infringement of one or more claims of the '131 patent under 35 U.S.C. § 271(e)(2).

37. The commercial manufacture, use, or sale of Watson's ER Tablets, 8 mg, 12 mg and 16 mg will additionally infringe one or more claims of the '131 patent under 35 U.S.C. § 271.

38. Plaintiff has no adequate remedy at law to redress the infringement by Watson.

39. Watson's conduct renders this case "exceptional" as described in 35 U.S.C. § 285.

40. Plaintiff will be irreparably harmed if Watson is not enjoined from infringing the '131 patent.

1151757_1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

(a) a judgment that the '131 patent is valid and enforceable, and infringed under 35 U.S.C. § 271(e)(2) by Watson's filing of its ANDA No. 202144;

(b) an order that the effective date of the approval of ANDA No. 202144 be subsequent to the expiration date of the '131 patent;

(c) an injunction prohibiting Watson from commercially manufacturing, selling or offering for sale, using, or importing hydromorphone extended release tablets that are claimed or the use of which is claimed in the '131 patent or otherwise infringing one or more claims of the '131 patent;

(d) damages and/or other monetary relief pursuant to 35 U.S.C. § 284 in the event of any commercial manufacture, use or sale by Watson of hydromorphone extended release tablets that fall within, or the use of which falls within, the scope of one or more claims of the '131 patent;

(e) an award of Plaintiff's interest, costs, reasonable attorneys' fees and such other relief as the Court deems just and proper pursuant to 35 U.S.C. § 271(e)(4) and 35 U.S.C. § 285; and

(f) such other and further relief as the Court may deem just and proper.

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

Plaintiff, by its undersigned counsel, hereby certifies pursuant to L.Civ.R. 11.2 that the matters in controversy are not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

.

                                        Respectfully submitted,

                                        *s/ Thomas R. Curtin*
                                        Thomas R. Curtin
                                        George C. Jones
                                        Kathleen N. Fennelly
                                        GRAHAM CURTIN
                                        A Professional Association
                                        4 Headquarters Plaza
                                        P.O. Box 1991
                                        Morristown, New Jersey 07962-1991
                                        Tel:  (973) 292-1700
                                        Fax:  (973) 292-1767
                                        *Attorneys for Plaintiff Mallinckrodt Inc.*

                                        Of Counsel:

                                        Glenn J. Pfadenhauer
                                        Kevin Hardy
                                        Katherine C. Hayes
                                        WILLIAMS & CONNOLLY LLP
                                        725 Twelfth Street, N.W.
                                        Washington, D.C.  20005
                                        Tel:  (202) 434-5000
                                        Fax:  (202) 434-5029

Dated:  February 1, 2011