# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

                                     :

**MALLINCKRODT INC.,**            :

                                       :

         **Plaintiff,**            :        **Civil Action No. 10-6424 (FSH)**

                                       :

         **v.**                       :

                                       :

**WATSON LABORATORIES, INC.-**  :

**FLORIDA, ET AL.,**         :    **PRETRIAL SCHEDULING ORDER**

                                       :

         **Defendants.**          :

_____:

       This matter having come before the Court for a conference pursuant to Fed. R. Civ. P. 16 on the record on April 18, 2011; and for the reasons discussed on the record; and for good cause shown,

       **IT IS on this 18th day of April, 2011**

       **ORDERED that:**

       1.  The parties shall promptly serve Alza with a subpoena for merits discovery;

       2.  Discovery directed to standing and necessary parties shall be completed no later than **July 30, 2011**.  At the conclusion of this discovery, the parties may propose a briefing schedule for the motion to reduce the stay period and Rule 19 motion.

       3.  The request for leave to file a motion to dismiss the declaratory judgment directed to the '725 patent is denied at this time.  If the parties are unable to resolve the terms of a convenant not to sue, then they shall be prepared to discuss this subject no later than the June 16, 2011 telephone conference.

       **IT IS FURTHER ORDERED THAT:**

## I.  COURT DATES

       1.     There shall be telephone status conferences before the Undersigned on:

                 **June 16, 2011 at 2:00 p.m.**
                 **August 9, 2011 at 2:00 p.m.**
                 **October 4, 2011 at 2:00 p.m.**

**January 10, 2012 at 2:00 p.m.**

Plaintiff shall initiate the telephone calls.

2.    There will be a settlement conference before the Undersigned on **TO BE SET.**  Trial Counsel and  clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.    A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **September 20, 2012** at **1:00 p.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

4.    a. Fed. R. Civ. P. 26 disclosures, ANDAs, and the NDA are to be exchanged on or before **April 29, 2011**.

b. Mallincraft shall identify the patent claims no later than **April 22, 2011**.

c.  Invalidity and noninfringement contentions shall be disclosed no later than **April 29, 2011.**

d. Responses to invalidity contentions and infringement contentions shall be disclosed no later than **June 13, 2011.**

e. No later than **April 29, 2011 at 3:00 p.m.,** the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]  All documents shall be produced for outside counsel's eyes only until the Order is entered.

f.  Documents reflecting reliance on counsel's advice in connection with willfulness shall be disclosed no later than 21 days after the Markman ruling absent a request further extension.

5.    Discovery necessary to engage in meaningful settlement discussions: **none.**

6.    a. The parties may serve interrogatories limited to **25**  single questions including

---

[1]If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

subparts and requests for production of documents on or before **completed,** which shall be responded to no later than **May 12, 2011**.

       b. Requests for Admissions shall be served no later than **January 9, 2012.**

7.    The number of depositions to be taken by each side shall not exceed **10**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. <u>See</u> Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **February 3, 2012**.

8.    Fact discovery is to remain open through **February 3, 2012**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.    Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

    Upon receipt of the portion of the joint letter from the party seeking court-intervention, the adverse party shall provide its position no later than ten calendar days of receipt.

    No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

    Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **September 13, 2011, except that all electronic discovery protocol disputes shall be presented no later than June 21, 2011.** The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

10.    a. Any motion to amend pleadings (other than inequitable conduct) or join parties must be filed by **August 26, 2011.**

    b. Any motion to amend to add a claim of inequitable conduct shall be filed no later than **October 28, 2011.**

11.    a. The parties shall identify the proposed terms that are to be construed no later than **June 27, 2011.**

    b. The parties shall provide their proposed claims constructions no later than **July 18, 2011.**

      c. The parties shall file their joint claims construction chart no later than **August 12, 2011.**

      d. <u>Markman</u> fact discovery shall be completed no later than **September 16, 2011.**

      e. <u>Markman</u> opening briefs shall be filed no later than **October 3, 2011.**

      f. <u>Markman</u> expert depositions shall be completed no later than **November 2, 2011.**

      g. <u>Markman</u> responsive briefs shall be filed no later than **December 2, 2011**.

      h. <u>Markman</u> hearings statement shall be submitted no later than **December 16, 2011.**

All other dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **June 22, 2012** and must be comply with Local Rule 7.1. No extensions under Rule 7.1 may be sought. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **July 2, 2012** and any replies shall be submitted no later than **July 9, 2012.** The return date shall be **July 16, 2012** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

### III. EXPERTS

12.    a. All affirmative expert reports shall be delivered by **February 17, 2012**.

      b. All responding expert reports shall be delivered by **March 19, 2012**.

      c. All reply expert reports on the objective indicia/secondary indicia of nonobviousness shall be delivered by **April 16, 2012.**

13.    a. All expert reports are  to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

      b. All expert depositions shall be completed by **May 25, 2012**.

      c. <u>Daubert</u> motions shall be filed no later than **June 22, 2012.**

### IV. FINAL PRETRIAL CONFERENCE

15.    A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **September 20, 2012 at 1:00 p.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16.     <u>Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17.     All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.     The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **September 10, 2012 at 3:00 p.m.**  All counsel are responsible for the timely submission of the Order.

20.     The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21.     The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.     Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25.     FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE